**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 0 8 2022

TAMMY H. DOWNS, CLERK
By:_____
PLAINTIFF DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**ANGELA MOODY**                                                  **PLAINTIFF**

v.                                     CASE NO. 4:22-cv- 330 - JM

**JAMES R. FLENS, Ph.D.**                                         **DEFENDANTS**

---

### NOTICE OF REMOVAL

---

In accordance with 28 U.S.C. §§ 1441 and 1446, Defendant James R. Flens, Ph.D. hereby gives notice of the removal of this action from the Circuit Court of Pulaski County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Central Division. Removal jurisdiction based upon diversity of citizenship, 28 U.S.C. § 1332, is proper pursuant to the following:

1.    This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2.    This case, styled Angela Moody v. James R. Flens, was filed on January 27, 2022, in the Circuit Court of Pulaski County, Arkansas, as civil action 60CV-22-656, on the docket of that Court.

3.    The earliest date on which Dr. Flens became aware of the suit was March 11, 2021.

4.    This Notice of Removal is filed within thirty (30) days or the first filing day thereafter after receipt by James R. Flens, Ph.D., through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which this action is based and is therefore timely filed pursuant to 28 U.S.C. § 1446(b)(1).

This case assigned to District Judge _Moody_
and to Magistrate Judge _Volpe_

1

5.    Pursuant to 28 U.S.C. § 1446(a), Dr. Flens attaches as Exhibit "A" to this Notice the Complaint in this matter, the Summons issued to James R. Flens, Plaintiff's Affidavit of Service, Dr. Flen's Answer and Jury Demand, which constitute all "process, pleading and orders" in this matter to date.

6.    This case is removed pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and it is not a legal certainty that the amount in controversy is less than the sum or value of $75,000.00, exclusive of interest and costs.

7.    Upon information and belief, and according to the allegations of the Complaint, at the time of the filing of the Complaint, Plaintiff Angela Moody was an individual citizen and resident of the State of Arkansas (Ex. A, Compl. ¶1).

8.    At the time of the commencement of this action, James R. Flens, Ph.D. was a citizen of the state of Florida, pursuant to 28 U.S.C. § 1332(a)(1). Therefore, for purposes of diversity he is a citizen of Florida. See 28 U.S.C. § 1332(a)(1).

9.    In her Complaint, Angela Moody appears to assert claims for negligence, intentional infliction of emotional distress, defamation, and punitive damages against Dr. Flens. (Ex. A, ¶¶ 10–27). She further seeks a declaratory judgment from this Court. (Ex. A, ¶ 31). In addition to damages for the apparently asserted causes of action, Plaintiff claims entitlement to attorney's fees and cost. (Ex. A, ¶ 32). Because this action is between citizens of different states, and it is not a legal certainty that the amount in controversy is less than sum or value of $75,000.00, exclusive of interest and costs. Therefore, the amount in controversy exceeds the minimum amount required for federal court jurisdiction in diversity of citizenship cases.

10.   Accordingly, this Court has original jurisdiction of this action pursuant to 28 U.S.C § 1332(a), and the action is removable pursuant to 28 U.S.C. § 1441(a).

11.     The United States District Court of the Eastern District of Arkansas, Central Division, embraces the county in which the state court action is now pending.

12.     Written notice of the filing of this Notice will promptly be given to Plaintiff, and, together with a copy of this Notice, will be filed with the Circuit Court of Pulaski County, Arkansas, as provided by 28 U.S.C. § 1446(d).

13.     Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

14.     Defendant expressly reserves any and all defenses that may be available in this action.

15.     Attached as exhibits are the pleadings filed in the Circuit Court of Pulaski County, Arkansas: Exhibit A, Complaint of Angela Moody; Exhibit B, Summons issued to James R. Flens; Exhibit C, purported Return of Service of James R. Flens; and Exhibit D, Answer of James R. Flens.

WHEREFORE, Defendant James R. Flens, Ph.D. hereby removes this action from the Circuit Court of Pulaski County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Central Division, and seeks resolution by this Court of all issues raised herein.

Respectfully submitted,

Todd Wooten
HALL BOOTH SMITH, P.C.
500 President Clinton Avenue, Suite RL20
Little Rock, AR 72201
Telephone: 501-435-3190 - Fax: 501-604-5566
Email: twooten@hallboothsmith.com

*Attorneys for Defendant, James R. Flens*

## CERTIFICATE OF SERVICE

I, Todd Wooten, do hereby certify that a copy of the foregoing was filed on this 8th day of April, 2022, and a true and correct copy of the above and foregoing pleading was sent to the below listed counsel by the CM/ECF electronic filing system and via email:

Andrea Brock
Attorney at Law
P.O. Box 787
Forrest City, AR  72336
Email: andreabrock@att.net

*Attorneys for Plaintiff*

_____
Todd Wooten

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Jan-27 17:30:04
60CV-22-656
C06D04 : 7 Pages

## IN T HE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**ANGELA MOODY**                              **PLAINTIFF**

**VS.**                **CASE NO. 60CV-2022-_____**

**JAMES R. FLENS**                        **DEFENDANT**

## COMPLAINT

Comes the Plaintiff, Angela Moody, by and through her attorney, Andrea Brock, and for her *Complaint* against Defendant, states to the Court:

1.     Plaintiff, Angela Moody, is a resident of Pulaski County, Arkansas.

2.     Defendant, James R. Flens, is a resident of the state of Florida.

3.     During the years 2012 through 2014, Defendant was retained as a forensic psychology consultant to review records pertaining to an Arkansas divorce and child custody action.  Defendant was retained by Plaintiff's ex-spouse and Defendant provided forensic psychology consultant services in the state of Arkansas and in an open Arkansas case.  Defendant issued a "Consultant Report" on September 3, 2014, in an open Arkansas lawsuit.  Defendant purposely availed himself of the benefits of this forum when Defendant became a consultant in clinical and forensic psychology in the state of Arkansas and when Defendant made substantial contacts with the state and charged nearly $20,000 for services rendered in an Arkansas matter.  Defendant traveled to Arkansas to testify an evidentiary deposition as a clinical and forensic psychologist.



1

4.      Jurisdiction and venue are proper with this Court.

5.      Defendant represented himself as being a board certified clinical and forensic psychologist, licensed and certified to provide consultant services in the state of Arkansas.

6.      Defendant prepared and issued a "Consultant Report" on September 3, 2014, for use by Plaintiff's ex-spouse in a child custody suit.  Defendant rendered opinions about Plaintiff and Plaintiff's ex-spouse and Defendant stated he was making a professional/expert recommendation and referral for Plaintiff's family to be evaluated by a specific forensic psychologist.

7.      Upon inquiry to the Arkansas Psychology Board, Defendant failed to apply and procure an Arkansas license during the time he was acting as a consultant in Arkansas and Defendant failed to give notice to the Board if he was only going to consult on one case per year not more than 30 days.  See Arkansas Psychology Board Rules, Rule 5.6.

8.      Defendant authored a document titled "Consultation Report" and "Findings and Recommendations" on September 3, 2014, after providing services or being retained for approximately 2 years.  The Consultation Report was solely based upon information provided to Defendant by Plaintiff's former spouse who was in ongoing, contentious litigation against Plaintiff at that time.

9.      The Consultation Report was issued for use against Plaintiff in an adversarial proceeding in Arkansas and Defendant failed to conduct any actual evaluations of Plaintiff or any other party.  Defendant also failed to even speak to Plaintiff or inquire of Plaintiff prior to rendering the Consultation Report.

10.     Defendant owed a duty to Plaintiff when Defendant agreed to act as a forensic and clinical psychology consultant specifically as to Plaintiff and her former spouse and their family unit at the time.

11.     Defendant had a duty to be objective, balanced, and accurate in his analysis and in the formulation and communication of his opinions.

12.     Defendant was negligent by failing to be objective, balanced, and accurate in his analysis and in the formulation and communication of his opinions. Defendant admitted that he only reviewed information provided by Plaintiff's former spouse; Defendant admitted under oath that his review of text messages between Plaintiff and her former spouse showed the former spouse to be non-responsive, however, Defendant's Report stated that texts to Plaintiff went unanswered and the Report never referred to the former spouse not responding to Plaintiff's texts; and Defendant admitted he took all records provided by Plaintiff's former spouse at face value and did no independent investigation into the truth of the records or allegations. These are offered as examples of the negligence and not an exclusive list.

13.     Plaintiff has suffered and sustained damages and Defendant's negligence was the proximate cause of these damages.

14.     Defendant formulated and communicated his opinions into a written "Consultation Report" that was issued on Defendant's letterhead and which contains "findings and recommendations". Defendant furnished a copy to Plaintiff's former spouse in 2014 and the former spouse still continues to use the false and erroneous "Consultation Report".

15.     Defendant's outrageous "Consultation Report" pertaining to Plaintiff has been disseminated by Defendant without Plaintiff's permission and to the detriment of

3

Plaintiff, despite the "Consultation Report" containing what purports to be privileged and confidential information, such as pharmacy and medical record references and bank statement references.

16.     Defendant's outrageous "Consultation Report" makes "findings" wherein Defendant attacked Plaintiff's "credibility and honesty" based solely on information provided by Plaintiff's adversary in litigation.

17.     Defendant's outrageous "Consultation Report" makes "findings" wherein Defendant attacked Plaintiff and her character by referring to allegations in a motion which were actually corrected and sealed by the Court after a third party intervened and demanded the motion to be corrected and sealed due to false and inaccurate allegations contained therein.  More specifically, page 4 of Defendant's Report refers to paragraphs 2 and 3 of a Second Motion for Contempt filed July 24, 2013.  Those exact paragraphs were corrected or deleted and then sealed by Court Order due to the inaccuracies in contained therein.

18.     At the time Defendant formulated and communicated his opinions set forth in the Consultation Report, Defendant knew that Plaintiff was involved in adversarial and contentious litigation and that Defendant's report would be used against Plaintiff.  Defendant also knew that he was not licensed in the state of Arkansas as a psychologist – either forensic or clinical.  Defendant also knew that his report could be further disseminated without any control and that the report was on Defendant's letterhead which touted himself as "board certified in clinical and forensic psychology".

19.     Defendant's acted willfully and wantonly because Defendant knew in light of the surrounding circumstances that's his conduct would naturally and probably result

4

in emotional distress to Plaintiff and Defendant continued his conduct in reckless disregard of the consequences.

20.     Defendant's conduct was extreme and outrageous, so outrageous and extreme in character and degree as to go beyond all possible bounds of decency. Defendant's conduct was atrocious and utterly intolerable in a civilized society – especially given the fact that Defendant has authored publications regarding forensic expert roles and case consultation in child custody cases and Defendant has published the ethical requirements and standards for such roles, yet Defendant violated his own standards as set forth in these publications. Defendant attacked Plaintiff's character and mental health without ever interviewing Plaintiff or even reviewing information provided by Plaintiff. Defendant's work was absolutely biased and outrageous. Defendant was attempting to influence a court with Defendant's alleged expertise to cast Plaintiff in a very negative light and Defendant did this with knowledge that his published report would be used against Plaintiff in a child custody case. In such a case, facts were extremely important and Defendant attacked Plaintiff's trustworthiness yet Defendant's own report was not trustworthy as there was no fact-check.

21.     Plaintiff suffered damages and Defendant's outrageous conduct caused damages to Plaintiff in the nature of emotional distress and other damages.

22.     Defendant made numerous false representations of material facts in his Consultation Report and these were false representations about Plaintiff. Defendant knew the representations were false and knew he did not have a sufficient basis of information to make the representations in his Consultation Report.

5

23.     Plaintiff suffered damages and Defendant's deceit and misrepresentation caused damages to Plaintiff in the nature of emotional distress and other damages.

24.     Defendant published numerous false statements of facts concerning Plaintiff.

25.     These statements of fact were defamatory.

26.     Defendant acted with negligence in failing to determine the truth of the statement prior to its publication.  Some of the false statements were made with knowledge the statement was false.

27.     Publication of the statements in the Consultation Report dated September 3, 2014, was a proximate cause of Plaintiff's damages.

28.     The findings and opinions set forth in Defendant's Consultant Report are not being set out herein as they could cause further harm and damage to Plaintiff, even though the findings are false and inaccurate.

29.     Plaintiff has also suffered damages in the form of attorney's fees and court costs due to the ex-husband using the false, inaccurate and misleading report in the underlying divorce and custody case as well as publishing it to third parties.

30.     The continued use of the false and inaccurate report by Defendant and Plaintiff's ex-husband will cause irreparable harm to Plaintiff.

31.     Plaintiff seeks a declaratory judgment declaring the Consultation Report to be false and inaccurate.  Further, Plaintiff seeks an order enjoining Defendant from any further dissemination of said report.

32.     Plaintiff demands her attorney's fees and costs.

**WHEREFORE,** Plaintiff respectfully requests the Court to enter a monetary judgment in favor of Plaintiff and against Defendant on all causes of action set forth

herein; to grant all relief requested herein; for an injunction against further dissemination or use of the Consultation Report; for a declaratory judgment regarding the false report; for court costs and attorney's fees; and for all other appropriate relief to which she is entitled.

Respectfully submitted,

Andrea Brock, P.A.

By:  Andrea Brock

Andrea Brock
AR Bar No. 2000102
P.O. Box 787
Forrest City, AR 72336
(870) 633-9900
(870) 633-9903 fax
andreabrock@att.net

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## HON. HERBERT WRIGHT - 4TH DIVISION 6TH CIRCUIT

ANGELA MOODY V JAMES R FLENS

60CV-22-656

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

JAMES R. FLENS
3433 Lithia Pinecrest Road
Suite 346
Valrico, FL  33596

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Andrea Brock
P. O. Box 787
Forrest City, AR  72336

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:

Address of Clerks Office

CLERK OF COURT

TERRI HOLLINGSWORTH, CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR  72201



CLERK Christy Renee McDaniel, DC

Date: 02/01/2022



DEFENDANT'S
EXHIBIT

13

No. 60CV-22-656 This summons is for JAMES R. FLENS (name of Defendant).

## PROOF OF SERVICE

❑ On _____ [date] I personally delivered the summons and complaint to the individual at _____ [place]; or

❑ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

❑ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

❑ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

❑ On _____ [date] at _____ [address], where the defendant maintains and office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with

_____

[name and job description]; or

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❑ Other [specify]:

_____

❑ I was unable to execute service because:

_____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                              By: _____
                              [Signature of server]

                              _____
                              [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                              [Signature of server]

                              _____
                              [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

                              _____
                              Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Apr-06  17:07:01
60CV-22-656
C06D04 : 3 Pages

# IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**ANGELA MOODY**                                                  **PLAINTIFF**

**VS.**                          **CASE NO. 60CV-2022-656**

**JAMES R. FLENS**                                               **DEFENDANT**

### RETURN OF SERVICE



IN THE IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS HON. HERBERT WRIGHT - 4TH DIVISION
6TH CIRCUIT OF PULASKI COUNTY,
ARKANSAS

ANGELA MOODY                                                                                                    PLAINTIFF

VS.                                                                                                    NO. **60CV-22-656**

JAMES R FLENS                                                                                                    DEFENDANT

## SERVICE RETURN

STATE OF
COUNTY OF PULASKI

On Fri, Mar 11 2022 at 1:47 o'clock pm I have duly attempted service of the within *SummonsComplaint* by delivering a copy of these same documents to the person and place stated below:

**Place:** 4949 WILLOW RIDGE TER, VALRICO, FL 33596-8239
**Person:** JAMES R FLENS

[X] On Fri, Mar 11 2022 at 1:47 o'clock pm I personally delivered the above named documents to Defendant JAMES R FLENS at 4949 WILLOW RIDGE TER, VALRICO, FL 33596-8239 [place]; or

[ ] After making my purpose to deliver the above named documents clear, on
I left the above named documents in the close proximity of the defendant by,
[describe how the above named documents were left] after he/she refused to receive it when I offered it to him/her; or

[ ] On _____ I left the above named documents with _____ [name], a member of the defendant's family ( _____ ) [relationship] at least 18 years of age, at _____ [address], a place where the defendant resides; or

[ ] On _____ I delivered the above named documents to _____ [name of individual], an agent authorized by appointment or by law to receive service of above named documents on behalf of _____ [name of defendant]; or

[ ] On _____ at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the above named documents with _____ [name and job description];

[ ] On _____ I served (name) _____ identified as the administrator of the (name), a jail, penitentiary, or other correctional facility in Arkansas where the Defendant was held at the time of service. *See* ARCP 4(f) (4).

[ ] Other [specify]:

[ ] I was unable to execute service because: _____

**TO BE COMPLETED IF SERVICE IS BY A SHERIFF OR DEPUTY SHERIFF:**

SHERIFF OF _____ COUNTY, ARKANSAS

Date: _____

By: _____

    Signature of server                                  Printed name, title, and badge number

**TO BE COMPLETED IF SERVICE IS BY A PERSON OTHER THAN A SHERIFF OR DEPUTY SHERIFF:**

Date:    4/6/2022                       By: _____

                                                 Signature of server

Phone:   941-713-1021                      Michael Finke

                                                   Printed name

Address:   Service With A Smile 12737 LEXINGTON RIDGE ST RIVERVIEW, FL 33578-7644 941-713-1021

Subscribed and sworn to before me this date  4/6/2022

Seal:

ASUNTA BLANCHARD
MY COMMISSION # GG 280798
EXPIRES: January 3. 2023

Additional information regarding service or attempted service: _____

2/02/22, 11:28 am EST Unsuccessful Attempt 3433 LITHIA PINECREST RD STE 346, VALRICO, FL 33596-6302, HILLSBOROUGH

3/11/22, 1:47 pm EST   Personal/Individual     4949 WILLOW RIDGE TER, VALRICO, FL 33596-8239, HILLSBOROUGH

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Apr-08 13:49:53
60CV-22-656
C06D04 : 10 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

ANGELA MOODY                                                                    PLAINTIFF

VS.                                        CASE NO. 60CV-22-656

JAMES R. FLENS                                                                DEFENDANTS

---

## ANSWER AND JURY DEMAND

---

Comes Now, Defendant, James R. Flens, by and through its attorneys, HALL BOOTH SMITH, P.A., and for his Answer and Jury Demand to Plaintiff's Complaint, states:

1.      Defendant admits that Plaintiff is a resident of Pulaski County, Arkansas as set forth in paragraph 1 of Plaintiff's Complaint.

2.      Defendant admits that he is a resident of the state of Florida as set forth in paragraph 2 of Plaintiff's Complaint.

3.      Defendant admits that he is a psychologist with board certifications in forensic and clinical psychology.  Pleading further, he was retained by Ed Moody as an expert witness.  The remaining allegations set forth in paragraph 3 of Plaintiff's Complaint are conclusions of law to which no response is required, to the extent a response is required, they are denied.  Defendant denies the remaining factual allegations set forth in paragraph 3 of Plaintiff's Complaint.

4.      Defendant denies the allegations set forth in paragraph 4 of Plaintiff's Complaint.

74016984.1


DEFENDANT'S
EXHIBIT
D

5.     Defendant admits that his is a psychologist with board certifications in forensic and clinical psychology.   Pleading further, he was retained by Ed Moody as an expert witness. Defendant denies the remaining allegations set forth in paragraph 5 of Plaintiff's Complaint.

6.     Defendant admits that he was retained as an expert witness and issued a Consultation Report, as set forth in paragraph 6 of Plaintiff's Complaint, which speaks for itself. Defendant denies the remaining allegations set forth in paragraph 6 of Plaintiff's Complaint.

7.     Defendant is without knowledge for information sufficient to form a belief as to the allegations set forth in paragraph 7 of Plaintiff's Complaint, therefore they are denied.

8.     Defendant admits that he was retained as an expert witness and issued a Consultation Report as set forth in paragraph 8 of Plaintiff's Complaint, which speaks for itself. Defendant denies the remaining allegations set forth in paragraph 8 of Plaintiff's Complaint.

9.     Defendant admits that he was retained as an expert witness and issued a Consultation Report as set forth in paragraph 9 of Plaintiff's Complaint, which speaks for itself. Defendant denies the remaining allegations set forth in paragraph 9 of Plaintiff's Complaint.

10.     Defendant denies that he owed any duty to Plaintiff as set forth in paragraph 10 of Plaintiff's Complaint.

11.     Defendant denies that he owed any duty to Plaintiff as set forth in paragraph 11 of Plaintiff's Complaint.

12.     Defendant denies all allegations of negligence set forth in paragraph 12 of Plaintiff's Complaint.

13.     Defendant denies the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14.     Defendant admits that he was retained as an expert witness by Ed Moody and issued a Consultation Report, which speaks for itself. Defendant is without knowledge or information

sufficient to form a belief as to the remaining allegations set forth in paragraph 14 of the Complaint, and therefore they are denied.

15.     Defendant admits that he was retained as an expert witness by Ed Moody and issued a Consultation Report, which speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 15 of Plaintiff's Complaint, and therefore they are denied.

16.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 16 of Plaintiff's Complaint, and therefore they are denied.

17.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 17 of Plaintiff's Complaint, and therefore they are denied.

18.     Defendant admits that he was retained as an expert witness by Ed Moody and issued a Consultation Report, which speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 18 of Plaintiff's Complaint, and therefore they are denied.

19.     Defendant denies the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20.     Defendant denies the allegations set forth in paragraph 20 of Plaintiff's Complaint.

21.     Defendant denies the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22.     Defendant denies the allegations set forth in paragraph 22 of Plaintiff's Complaint.

23.     Defendant denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24.     Defendant denies the allegations set forth in paragraph 24 of Plaintiff's Complaint.

25.     Defendant denies the allegations set forth in paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27.     Defendant denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30.     Defendant denies the allegations set forth in paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32.     Defendant denies the allegations set forth in paragraph 32 of Plaintiff's Complaint.

33.     Defendant denies the "Wherefore" paragraph set forth in Plaintiff's Complaint.

34.     Unless specifically admitted herein, Defendant denies all allegations set forth in Plaintiff's Complaint.

35.     Defendant demands trial by a 12-person jury.

## AFFIRMATIVE DEFENSES

36.     Defendant denies that he has any liability or responsibility to Plaintiff in this action under any theories of liability contained in Plaintiff's Complaint or under any theories of liability that might hereafter be asserted in any pleading or amended pleadings filed by Plaintiff in this action.

37.     Pleading affirmatively, and out of an abundance of caution because Defendant lacks sufficient information and knowledge at this time, states that any damages suffered by Plaintiff were proximately caused by the negligence and fault of others over whom Defendant had no control and to whom he owed no duty.

38.     Pleading affirmatively, states that there was an independent intervening proximate cause which was the sole and proximate cause of all injuries and damages alleged in Plaintiff's Complaint.

39.     Pursuant to Ark. R. Civ. P. 10(c), Defendant incorporates by reference all applicable defenses, bars to recovery, or other beneficial provisions set forth in the answers filed on behalf of any other defendants herein.

40.     Pursuant to Ark. R. Civ. P. 10(d), Defendant moves to dismiss Plaintiff's Complaint for failure to attach a copy of the Consultation Report, a required exhibit as it is the basis for all Plaintiff's allegations, claims and causes of action set forth in her Complaint.

41.     Defendant hereby pleads and preserves his right to seek arbitration, in the event arbitration is available, herein. Specifically, Defendant's appearance in this litigation should not be interpreted as a waiver to that right, should same be determined to exist,

42.     Pleading affirmatively, and pending further investigation, Defendant asserts and preserves all affirmative defenses, expressed, implied, or contemplated by Ark. R. Civ. P. 8(c), including, but not limited to, the following: arbitration and award; failure to join an indispensable party; waiver; statute of limitations; lack of standing; lack of capacity;   comparative fault; superseding and/or intervening proximate cause; absence of privity; and, negligence and/or fault of others over whom Defendant had no control, and for whose actions Defendant has no responsibility.

43.     Pleading affirmatively, Defendant hereby reserves, pleads, preserves, and avails itself of all defenses, remedies, reductions and/or bars to recovery provided by the Uniform Contribution Among Tortfeasors' Act, codified as Ark. Code Ann. §16- 61-201, et. seq.

44.     Pleading affirmatively, Defendant hereby asserts all defenses and/or bars to recovery provided by the Arkansas Medical Malpractice Act, codified as Ark. Code Ann. §16-114-201, et. seq,

45.     Pleading affirmatively, Defendant hereby reserves, pleads, preserves, and avails itself of all defenses, remedies, reductions and/or bars to recovery provided by Ark. R. Civ. P. 9(h) and/or Ark. Code Ann. §16-61-202, et. seq.

46.     Pleading affirmatively, Defendant hereby reserves, pleads, preserves, and avails itself of all defenses, remedies, reductions and/or bars to recovery provided by Ark. R. Civ. P. 49(c).

47.     Pleading affirmatively, Defendant hereby affirmatively asserts that the alleged injuries to, resulted from natural conditions, including pre-existing conditions and/or were otherwise unavoidable, and were not proximately caused by the any acts or omissions on the part of this Defendant.

48.     Pleading affirmatively, Defendant hereby asserts all defenses and/or bars to recovery provided by the Civil Justice Reform Act of 2003, codified as Ark. Code Ann. §16-55-201, et. seq.

49.     Pleading affirmatively, and pending discovery, Defendant hereby asserts and preserves all applicable defenses and/or bars to recovery provided by Ark. R. Civ. P. 12(b), including, but not limited to: 12(b)(2), lack of personal jurisdiction; 12(b)(3), improper venue; 12(b)(4), insufficiency of process; 12(b)(5), insufficiency of service of process; and, 12(b)(6), failure to state facts for which relief can be granted.

50.     Pleading affirmatively, Defendant states that for each of the following reasons, Plaintiff's punitive damages claim violates the defendant's due process and equal protection rights accorded under the United States Constitution and as made applicable by the Fourteenth Amendment, as well as the corresponding due process provisions of the Arkansas Constitution, and that the punitive damages claim should therefore be dismissed with prejudice.

(a)  An award of punitive damages is punishment, and without the same protections that are accorded to criminal defendants, including but not limited to protections against unreasonable searches and seizures, double jeopardy, self-incrimination, the rights to confront adverse witnesses, a speedy trial and the effective assistance of counsel, any punitive damages awarded in this case would violate the defendants' rights under Amendments IV, V and VI of the United States Constitution, as incorporated by Amendment XIV, and under the corresponding applicable provisions of the Arkansas Constitution.

(b)  Defendant is entitled to, but will not receive, fair notice regarding the amount of a potential punitive damages award.  Under current law, Defendant cannot receive fair notice regarding punitive damages.

(c)  Any punitive damages awarded to the plaintiff in this case under existing law would be arbitrary and would thus violate the defendants' constitutional rights because:  (1) punitive damages are not subject to a predetermined limit;  (2) there is no reasonable standard for determining a limit to punitive damages in this case;  (3) the jury is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award;  (4) there is no established burden of proof for punitive damages, any award of punitive damages without requiring the plaintiff to prove every element beyond a reasonable doubt or, in the alternative, by clear and convincing evidence violates the defendant's constitutional rights; (5) the jury is permitted to award punitive damages even though the law does not define with sufficient clarity the conduct and mental state that make punitive damages permissible, and the trier of fact is not given sufficient guidelines regarding how to determine the reprehensibility of the defendants' conduct including but not limited to consideration of the character and degree of the alleged wrong and whether to discriminate between economic harm and physical harm;  (6) the

jury is not instructed on the limits of punitive damages imposed by applicable principles of deterrence and punishment;  (7) the jury is not prohibited from awarding punitive damages; in whole or in part, on the basis of insidiously discriminatory characteristics including the personal or corporate status of a defendant;  (8) the award is not subject to judicial review on the basis of objective standards.

(d)  An award of punitive damages premised on the facts as alleged in the complaint would necessarily be grossly excessive in relation to the state's legitimate interest in punishment and deterrence.

(e)  An award of punitive damages under Arkansas and federal law compensates the plaintiff for elements of damage that are not otherwise recognized by law and which constitute an unlawful windfall to the plaintiff.

(f)  The trier of fact is not instructed that the plaintiff is presumed to have been made whole by any compensatory damages award and thus an award of punitive damages violates the defendants' due process rights because it subjects the defendant to an acute danger of unlawful and unreasonable deprivation of property.

(g)  An award of punitive damages in this matter would constitute an unlawful taking of the defendant's property in violation of the Arkansas and United States Constitution.

51.     Defendant reserves all other applicable protection by the United States Constitution as well as the Constitution of the State of Arkansas.

52.     Defendant pleads affirmatively that Plaintiff is not entitled to recover punitive damages because an award of compensatory damages will fully compensate Plaintiff and because Plaintiff has no standing to recover fines assessed against Defendant as punishment or as an example to others.

74016984.1

8

53.     Defendant pleads affirmatively that he is entitled to a bifurcated trial on the issue

of punitive damages and that Plaintiff should be held to a burden of proof of beyond a reasonable

doubt or by clear and convincing evidence.

54.     Defendant hereby reserves his right to plead further herein, including, but not

limited to, filing an amended answer.

WHEREFORE, Defendant, James R. Flens, prays for a dismissal of Plaintiff's

Complaint with prejudice, for his costs and attorney's fees and for all other relief to which he may

be entitled.

Respectfully submitted,

HALL BOOTH SMITH, P.C.

500 Presidential Clinton Avenue, Suite RL 20
Little Rock, AR  72201
Telephone: 501-435-3190
Fax:  501-604-5566
Email:  twooten@hallboothsmith.com

By:_____
       Todd Wooten (ABN 94034)

*Attorneys for Defendant,*
*James R. Flens*

74016984.1

9

## CERTIFICATE OF SERVICE

I, Todd Wooten, do hereby certify that a copy of the foregoing was filed on this 8th day of April 2022, and a true and correct copy of the above and foregoing pleading was sent to the below listed counsel by ECF/eFlex electronic filing system:

Andrea Brock
P. O. Box 787
Forrest City, AR  72336
Email:  *andreabrock@att.net*

*Attorneys for Plaintiff*

_____
Todd Wooten