ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Apr-08 13:49:53
60CV-22-656
C06D04 : 10 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

ANGELA MOODY            PLAINTIFF

VS.            CASE NO. 60CV-22-656

JAMES R. FLENS            DEFENDANTS

## ANSWER AND JURY DEMAND

Comes Now, Defendant, James R. Flens, by and through its attorneys, HALL BOOTH SMITH, P.A., and for his Answer and Jury Demand to Plaintiff's Complaint, states:

1. Defendant admits that Plaintiff is a resident of Pulaski County, Arkansas as set forth in paragraph 1 of Plaintiff's Complaint.

2. Defendant admits that he is a resident of the state of Florida as set forth in paragraph 2 of Plaintiff's Complaint.

3. Defendant admits that he is a psychologist with board certifications in forensic and clinical psychology. Pleading further, he was retained by Ed Moody as an expert witness. The remaining allegations set forth in paragraph 3 of Plaintiff's Complaint are conclusions of law to which no response is required, to the extent a response is required, they are denied. Defendant denies the remaining factual allegations set forth in paragraph 3 of Plaintiff's Complaint.

4. Defendant denies the allegations set forth in paragraph 4 of Plaintiff's Complaint.

74016984.1



5.  Defendant admits that his is a psychologist with board certifications in forensic and clinical psychology. Pleading further, he was retained by Ed Moody as an expert witness. Defendant denies the remaining allegations set forth in paragraph 5 of Plaintiff's Complaint.

6.  Defendant admits that he was retained as an expert witness and issued a Consultation Report, as set forth in paragraph 6 of Plaintiff's Complaint, which speaks for itself. Defendant denies the remaining allegations set forth in paragraph 6 of Plaintiff's Complaint.

7.  Defendant is without knowledge for information sufficient to form a belief as to the allegations set forth in paragraph 7 of Plaintiff's Complaint, therefore they are denied.

8.  Defendant admits that he was retained as an expert witness and issued a Consultation Report as set forth in paragraph 8 of Plaintiff's Complaint, which speaks for itself. Defendant denies the remaining allegations set forth in paragraph 8 of Plaintiff's Complaint.

9.  Defendant admits that he was retained as an expert witness and issued a Consultation Report as set forth in paragraph 9 of Plaintiff's Complaint, which speaks for itself. Defendant denies the remaining allegations set forth in paragraph 9 of Plaintiff's Complaint.

10. Defendant denies that he owed any duty to Plaintiff as set forth in paragraph 10 of Plaintiff's Complaint.

11. Defendant denies that he owed any duty to Plaintiff as set forth in paragraph 11 of Plaintiff's Complaint.

12. Defendant denies all allegations of negligence set forth in paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14. Defendant admits that he was retained as an expert witness by Ed Moody and issued a Consultation Report, which speaks for itself. Defendant is without knowledge or information

sufficient to form a belief as to the remaining allegations set forth in paragraph 14 of the Complaint, and therefore they are denied.

15.  Defendant admits that he was retained as an expert witness by Ed Moody and issued a Consultation Report, which speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 15 of Plaintiff's Complaint, and therefore they are denied.

16.  Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 16 of Plaintiff's Complaint, and therefore they are denied.

17.  Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 17 of Plaintiff's Complaint, and therefore they are denied.

18.  Defendant admits that he was retained as an expert witness by Ed Moody and issued a Consultation Report, which speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 18 of Plaintiff's Complaint, and therefore they are denied.

19.  Defendant denies the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20.  Defendant denies the allegations set forth in paragraph 20 of Plaintiff's Complaint.

21.  Defendant denies the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22.  Defendant denies the allegations set forth in paragraph 22 of Plaintiff's Complaint.

23.  Defendant denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24.  Defendant denies the allegations set forth in paragraph 24 of Plaintiff's Complaint.

25.  Defendant denies the allegations set forth in paragraph 25 of Plaintiff's Complaint.

26.  Defendant denies the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27.  Defendant denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations set forth in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations set forth in paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the "Wherefore" paragraph set forth in Plaintiff's Complaint.

34. Unless specifically admitted herein, Defendant denies all allegations set forth in Plaintiff's Complaint.

35. Defendant demands trial by a 12-person jury.

## **AFFIRMATIVE DEFENSES**

36. Defendant denies that he has any liability or responsibility to Plaintiff in this action under any theories of liability contained in Plaintiff's Complaint or under any theories of liability that might hereafter be asserted in any pleading or amended pleadings filed by Plaintiff in this action.

37. Pleading affirmatively, and out of an abundance of caution because Defendant lacks sufficient information and knowledge at this time, states that any damages suffered by Plaintiff were proximately caused by the negligence and fault of others over whom Defendant had no control and to whom he owed no duty.

38. Pleading affirmatively, states that there was an independent intervening proximate cause which was the sole and proximate cause of all injuries and damages alleged in Plaintiff's Complaint.

39.     Pursuant to Ark. R. Civ. P. 10(c), Defendant incorporates by reference all applicable defenses, bars to recovery, or other beneficial provisions set forth in the answers filed on behalf of any other defendants herein.

40.     Pursuant to Ark. R. Civ. P. 10(d), Defendant moves to dismiss Plaintiff's Complaint for failure to attach a copy of the Consultation Report, a required exhibit as it is the basis for all Plaintiff's allegations, claims and causes of action set forth in her Complaint.

41.     Defendant hereby pleads and preserves his right to seek arbitration, in the event arbitration is available, herein. Specifically, Defendant's appearance in this litigation should not be interpreted as a waiver to that right, should same be determined to exist,

42.     Pleading affirmatively, and pending further investigation, Defendant asserts and preserves all affirmative defenses, expressed, implied, or contemplated by Ark. R. Civ. P. 8(c), including, but not limited to, the following: arbitration and award; failure to join an indispensable party; waiver; statute of limitations; lack of standing; lack of capacity; comparative fault; superseding and/or intervening proximate cause; absence of privity; and, negligence and/or fault of others over whom Defendant had no control, and for whose actions Defendant has no responsibility.

43.     Pleading affirmatively, Defendant hereby reserves, pleads, preserves, and avails itself of all defenses, remedies, reductions and/or bars to recovery provided by the Uniform Contribution Among Tortfeasors' Act, codified as Ark. Code Ann. §16- 61-201, et. seq.

44.     Pleading affirmatively, Defendant hereby asserts all defenses and/or bars to recovery provided by the Arkansas Medical Malpractice Act, codified as Ark. Code Ann. §16-114-201, et. seq,

45. Pleading affirmatively, Defendant hereby reserves, pleads, preserves, and avails itself of all defenses, remedies, reductions and/or bars to recovery provided by Ark. R. Civ. P. 9(h) and/or Ark. Code Ann. §16-61-202, et. seq.

46. Pleading affirmatively, Defendant hereby reserves, pleads, preserves, and avails itself of all defenses, remedies, reductions and/or bars to recovery provided by Ark. R. Civ. P. 49(c).

47. Pleading affirmatively, Defendant hereby affirmatively asserts that the alleged injuries to, resulted from natural conditions, including pre-existing conditions and/or were otherwise unavoidable, and were not proximately caused by the any acts or omissions on the part of this Defendant.

48. Pleading affirmatively, Defendant hereby asserts all defenses and/or bars to recovery provided by the Civil Justice Reform Act of 2003, codified as Ark. Code Ann. §16-55-201, et. seq.

49. Pleading affirmatively, and pending discovery, Defendant hereby asserts and preserves all applicable defenses and/or bars to recovery provided by Ark. R. Civ. P. 12(b), including, but not limited to: 12(b)(2), lack of personal jurisdiction; 12(b)(3), improper venue; 12(b)(4), insufficiency of process; 12(b)(5), insufficiency of service of process; and, 12(b)(6), failure to state facts for which relief can be granted.

50. Pleading affirmatively, Defendant states that for each of the following reasons, Plaintiff's punitive damages claim violates the defendant's due process and equal protection rights accorded under the United States Constitution and as made applicable by the Fourteenth Amendment, as well as the corresponding due process provisions of the Arkansas Constitution, and that the punitive damages claim should therefore be dismissed with prejudice.

(a) An award of punitive damages is punishment, and without the same protections that are accorded to criminal defendants, including but not limited to protections against unreasonable searches and seizures, double jeopardy, self-incrimination, the rights to confront adverse witnesses, a speedy trial and the effective assistance of counsel, any punitive damages awarded in this case would violate the defendants' rights under Amendments IV, V and VI of the United States Constitution, as incorporated by Amendment XIV, and under the corresponding applicable provisions of the Arkansas Constitution.

(b) Defendant is entitled to, but will not receive, fair notice regarding the amount of a potential punitive damages award.  Under current law, Defendant cannot receive fair notice regarding punitive damages.

(c) Any punitive damages awarded to the plaintiff in this case under existing law would be arbitrary and would thus violate the defendants' constitutional rights because:  (1) punitive damages are not subject to a predetermined limit;  (2) there is no reasonable standard for determining a limit to punitive damages in this case;  (3) the jury is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award;  (4) there is no established burden of proof for punitive damages, any award of punitive damages without requiring the plaintiff to prove every element beyond a reasonable doubt or, in the alternative, by clear and convincing evidence violates the defendant's constitutional rights; (5) the jury is permitted to award punitive damages even though the law does not define with sufficient clarity the conduct and mental state that make punitive damages permissible, and the trier of fact is not given sufficient guidelines regarding how to determine the reprehensibility of the defendants' conduct including but not limited to consideration of the character and degree of the alleged wrong and whether to discriminate between economic harm and physical harm;  (6) the

jury is not instructed on the limits of punitive damages imposed by applicable principles of deterrence and punishment; (7) the jury is not prohibited from awarding punitive damages; in whole or in part, on the basis of insidiously discriminatory characteristics including the personal or corporate status of a defendant; (8) the award is not subject to judicial review on the basis of objective standards.

(d) An award of punitive damages premised on the facts as alleged in the complaint would necessarily be grossly excessive in relation to the state's legitimate interest in punishment and deterrence.

(e) An award of punitive damages under Arkansas and federal law compensates the plaintiff for elements of damage that are not otherwise recognized by law and which constitute an unlawful windfall to the plaintiff.

(f) The trier of fact is not instructed that the plaintiff is presumed to have been made whole by any compensatory damages award and thus an award of punitive damages violates the defendants' due process rights because it subjects the defendant to an acute danger of unlawful and unreasonable deprivation of property.

(g) An award of punitive damages in this matter would constitute an unlawful taking of the defendant's property in violation of the Arkansas and United States Constitution.

51. Defendant reserves all other applicable protection by the United States Constitution as well as the Constitution of the State of Arkansas.

52. Defendant pleads affirmatively that Plaintiff is not entitled to recover punitive damages because an award of compensatory damages will fully compensate Plaintiff and because Plaintiff has no standing to recover fines assessed against Defendant as punishment or as an example to others.

53. Defendant pleads affirmatively that he is entitled to a bifurcated trial on the issue of punitive damages and that Plaintiff should be held to a burden of proof of beyond a reasonable doubt or by clear and convincing evidence.

54. Defendant hereby reserves his right to plead further herein, including, but not limited to, filing an amended answer.

WHEREFORE, Defendant, James R. Flens, prays for a dismissal of Plaintiff's Complaint with prejudice, for his costs and attorney's fees and for all other relief to which he may be entitled.

Respectfully submitted,

HALL BOOTH SMITH, P.C.

500 Presidential Clinton Avenue, Suite RL 20
Little Rock, AR 72201
Telephone: 501-435-3190
Fax: 501-604-5566
Email: twooten@hallboothsmith.com

By:_____
Todd Wooten (ABN 94034)

*Attorneys for Defendant,*
*James R. Flens*

## CERTIFICATE OF SERVICE

    I, Todd Wooten, do hereby certify that a copy of the foregoing was filed on this 8th day of April 2022, and a true and correct copy of the above and foregoing pleading was sent to the below listed counsel by ECF/eFlex electronic filing system:

Andrea Brock
P. O. Box 787
Forrest City, AR 72336
Email: *andreabrock@att.net*

*Attorneys for Plaintiff*

_____
Todd Wooten