ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Jan-27 17:30:04
60CV-22-656
C06D04 : 7 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

ANGELA MOODY                                                                PLAINTIFF

VS.                             CASE NO. 60CV-2022-_____

JAMES R. FLENS                                                              DEFENDANT

## COMPLAINT

Comes the Plaintiff, Angela Moody, by and through her attorney, Andrea Brock, and for her *Complaint* against Defendant, states to the Court:

1. Plaintiff, Angela Moody, is a resident of Pulaski County, Arkansas.

2. Defendant, James R. Flens, is a resident of the state of Florida.

3. During the years 2012 through 2014, Defendant was retained as a forensic psychology consultant to review records pertaining to an Arkansas divorce and child custody action. Defendant was retained by Plaintiff's ex-spouse and Defendant provided forensic psychology consultant services in the state of Arkansas and in an open Arkansas case. Defendant issued a "Consultant Report" on September 3, 2014, in an open Arkansas lawsuit. Defendant purposely availed himself of the benefits of this forum when Defendant became a consultant in clinical and forensic psychology in the state of Arkansas and when Defendant made substantial contacts with the state and charged nearly $20,000 for services rendered in an Arkansas matter. Defendant traveled to Arkansas to testify an evidentiary deposition as a clinical and forensic psychologist.

1

4. Jurisdiction and venue are proper with this Court.

5. Defendant represented himself as being a board certified clinical and forensic psychologist, licensed and certified to provide consultant services in the state of Arkansas.

6. Defendant prepared and issued a "Consultant Report" on September 3, 2014, for use by Plaintiff's ex-spouse in a child custody suit. Defendant rendered opinions about Plaintiff and Plaintiff's ex-spouse and Defendant stated he was making a professional/expert recommendation and referral for Plaintiff's family to be evaluated by a specific forensic psychologist.

7. Upon inquiry to the Arkansas Psychology Board, Defendant failed to apply and procure an Arkansas license during the time he was acting as a consultant in Arkansas and Defendant failed to give notice to the Board if he was only going to consult on one case per year not more than 30 days. See Arkansas Psychology Board Rules, Rule 5.6.

8. Defendant authored a document titled "Consultation Report" and "Findings and Recommendations" on September 3, 2014, after providing services or being retained for approximately 2 years. The Consultation Report was solely based upon information provided to Defendant by Plaintiff's former spouse who was in ongoing, contentious litigation against Plaintiff at that time.

9. The Consultation Report was issued for use against Plaintiff in an adversarial proceeding in Arkansas and Defendant failed to conduct any actual evaluations of Plaintiff or any other party. Defendant also failed to even speak to Plaintiff or inquire of Plaintiff prior to rendering the Consultation Report.

10. Defendant owed a duty to Plaintiff when Defendant agreed to act as a forensic and clinical psychology consultant specifically as to Plaintiff and her former spouse and their family unit at the time.

11. Defendant had a duty to be objective, balanced, and accurate in his analysis and in the formulation and communication of his opinions.

12. Defendant was negligent by failing to be objective, balanced, and accurate in his analysis and in the formulation and communication of his opinions. Defendant admitted that he only reviewed information provided by Plaintiff's former spouse; Defendant admitted under oath that his review of text messages between Plaintiff and her former spouse showed the former spouse to be non-responsive, however, Defendant's Report stated that texts to Plaintiff went unanswered and the Report never referred to the former spouse not responding to Plaintiff's texts; and Defendant admitted he took all records provided by Plaintiff's former spouse at face value and did no independent investigation into the truth of the records or allegations. These are offered as examples of the negligence and not an exclusive list.

13. Plaintiff has suffered and sustained damages and Defendant's negligence was the proximate cause of these damages.

14. Defendant formulated and communicated his opinions into a written "Consultation Report" that was issued on Defendant's letterhead and which contains "findings and recommendations". Defendant furnished a copy to Plaintiff's former spouse in 2014 and the former spouse still continues to use the false and erroneous "Consultation Report".

15. Defendant's outrageous "Consultation Report" pertaining to Plaintiff has been disseminated by Defendant without Plaintiff's permission and to the detriment of

3

Plaintiff, despite the "Consultation Report" containing what purports to be privileged and confidential information, such as pharmacy and medical record references and bank statement references.

16. Defendant's outrageous "Consultation Report" makes "findings" wherein Defendant attacked Plaintiff's "credibility and honesty" based solely on information provided by Plaintiff's adversary in litigation.

17. Defendant's outrageous "Consultation Report" makes "findings" wherein Defendant attacked Plaintiff and her character by referring to allegations in a motion which were actually corrected and sealed by the Court after a third party intervened and demanded the motion to be corrected and sealed due to false and inaccurate allegations contained therein. More specifically, page 4 of Defendant's Report refers to paragraphs 2 and 3 of a Second Motion for Contempt filed July 24, 2013. Those exact paragraphs were corrected or deleted and then sealed by Court Order due to the inaccuracies in contained therein.

18. At the time Defendant formulated and communicated his opinions set forth in the Consultation Report, Defendant knew that Plaintiff was involved in adversarial and contentious litigation and that Defendant's report would be used against Plaintiff. Defendant also knew that he was not licensed in the state of Arkansas as a psychologist – either forensic or clinical. Defendant also knew that his report could be further disseminated without any control and that the report was on Defendant's letterhead which touted himself as "board certified in clinical and forensic psychology".

19. Defendant's acted willfully and wantonly because Defendant knew in light of the surrounding circumstances that's his conduct would naturally and probably result

4

in emotional distress to Plaintiff and Defendant continued his conduct in reckless disregard of the consequences.

20. Defendant's conduct was extreme and outrageous, so outrageous and extreme in character and degree as to go beyond all possible bounds of decency. Defendant's conduct was atrocious and utterly intolerable in a civilized society – especially given the fact that Defendant has authored publications regarding forensic expert roles and case consultation in child custody cases and Defendant has published the ethical requirements and standards for such roles, yet Defendant violated his own standards as set forth in these publications. Defendant attacked Plaintiff's character and mental health without ever interviewing Plaintiff or even reviewing information provided by Plaintiff. Defendant's work was absolutely biased and outrageous. Defendant was attempting to influence a court with Defendant's alleged expertise to cast Plaintiff in a very negative light and Defendant did this with knowledge that his published report would be used against Plaintiff in a child custody case. In such a case, facts were extremely important and Defendant attacked Plaintiff's trustworthiness yet Defendant's own report was not trustworthy as there was no fact-check.

21. Plaintiff suffered damages and Defendant's outrageous conduct caused damages to Plaintiff in the nature of emotional distress and other damages.

22. Defendant made numerous false representations of material facts in his Consultation Report and these were false representations about Plaintiff. Defendant knew the representations were false and knew he did not have a sufficient basis of information to make the representations in his Consultation Report.

23. Plaintiff suffered damages and Defendant's deceit and misrepresentation caused damages to Plaintiff in the nature of emotional distress and other damages.

24. Defendant published numerous false statements of facts concerning Plaintiff.

25. These statements of fact were defamatory.

26. Defendant acted with negligence in failing to determine the truth of the statement prior to its publication. Some of the false statements were made with knowledge the statement was false.

27. Publication of the statements in the Consultation Report dated September 3, 2014, was a proximate cause of Plaintiff's damages.

28. The findings and opinions set forth in Defendant's Consultant Report are not being set out herein as they could cause further harm and damage to Plaintiff, even though the findings are false and inaccurate.

29. Plaintiff has also suffered damages in the form of attorney's fees and court costs due to the ex-husband using the false, inaccurate and misleading report in the underlying divorce and custody case as well as publishing it to third parties.

30. The continued use of the false and inaccurate report by Defendant and Plaintiff's ex-husband will cause irreparable harm to Plaintiff.

31. Plaintiff seeks a declaratory judgment declaring the Consultation Report to be false and inaccurate. Further, Plaintiff seeks an order enjoining Defendant from any further dissemination of said report.

32. Plaintiff demands her attorney's fees and costs.

**WHEREFORE**, Plaintiff respectfully requests the Court to enter a monetary judgment in favor of Plaintiff and against Defendant on all causes of action set forth

herein; to grant all relief requested herein; for an injunction against further dissemination or use of the Consultation Report; for a declaratory judgment regarding the false report; for court costs and attorney's fees; and for all other appropriate relief to which she is entitled.

                Respectfully submitted,

                Andrea Brock, P.A.

By: *Andrea Brock*
      Andrea Brock
      AR Bar No. 2000102
      P.O. Box 787
      Forrest City, AR 72336
      (870) 633-9900
      (870) 633-9903 fax
      andreabrock@att.net