DR.12.2011.1581

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## TWELFTH DIVISION

ANGELA MOODY                                                        PLAINTIFF

FILED 11/18/11 10:39:57
Larry Crane Pulaski Circuit Clerk
CR01

V.                             CASE NO. DR-2011-1586

EDWARD MOODY                                           DEFENDANT

### TEMPORARY ORDER

On the 4th day of October, 2011, came the parties before the Court for temporary hearing. The Plaintiff, Angela Moody, appearing by and through her attorneys, DOVER DIXON HORNE PLLC, and the Defendant, Edward Moody, appearing by and through his attorneys, DODDS, KIDD & RYAN. The Court, having heard the arguments of counsel and testimony of the parties and reviewed the evidence presented, does hereby FIND and ORDER, as follows:

1. This Court has jurisdiction over the parties and subject matter hereto.

2. The Plaintiff, Angela Moody, is hereby awarded temporary care and custody of the parties' minor child, Eden Moody, subject to visitation in favor of the Defendant, Edward Moody, as follows:

    a.     WEEKEND VISITATION. Defendant shall be entitled to the following weekend visitation with the minor child on the first (1st) and third (3rd) weekend of each month.

60DR-11-1586    601-60100034381-010
ANGELA MOODY V EDWARD MOODY  9 Pages
PULASKI CO          11/18/2011 10:39 AM
CIRCUIT COURT                       ORTO

| **WEEKEND VISITATION UNTIL FEBRUARY 2012** |
|---|---|---|
| DAY | PICK UP TIME | RETURN TIME |
| Friday | Defendant will pick up the minor child at home or from school at 11:30 a.m. or 2:45 p.m. If, for any reason, the Defendant is unable to pick up the minor child from school on the Fridays that he has visitation, he shall provide the Plaintiff ample notice of same so that she may make arrangements to pick up the minor child from school. Defendant may then pick up the minor child from Plaintiff's residence at 5:30 p.m. to begin his visitation. | Defendant shall return the minor child to Plaintiff's residence after dinner at 7:00 p.m. If the Plaintiff is unable to be home at the time the minor child is returned, Plaintiff will insure that a proper babysitter is at the residence to care for the minor child until Plaintiff returns. |
| Saturday | Defendant will pick up the minor child from Plaintiff's residence at 8:00 a.m. | Defendant shall return the minor child to Plaintiff's residence after dinner at 7:00 p.m. If the Plaintiff is unable to be home at the time the minor child is returned, Plaintiff will insure that a proper babysitter is at the residence to care for the minor child until Plaintiff returns. |
| Sunday | Defendant will pick up the minor child from Plaintiff's residence at 8:00 a.m. | Defendant shall return the minor child to Plaintiff's residence at after dinner 7:00 p.m. If the Plaintiff is unable to be home at the time the minor child is returned, Plaintiff will insure that a proper babysitter is at the residence to care for the minor child until Plaintiff returns. |

c. **WEEKDAY VISITATION.** Defendant shall receive the following weekday visitation with the minor child:

| DAY | PICK UP TIME | RETURN TIME |
|---|---|---|
| Wednesday and Friday Mornings | Defendant may continue to take the minor child to school at approximately 7:30 a.m. The parties understand that due to the minor child's age, there may be times when she is not ready at 7:30. | N/A |
| Every Wednesday | Defendant may pick up the minor child from home or school at 11:30 a.m. or 2:45 p.m. If, for any reason, the Defendant is unable to pick up the minor child from school on the Wednesdays that he has visitation, he shall provide the Plaintiff ample notice of same so that she may make arrangements to pick up the minor child from school. Defendant may then pick up the minor child from Plaintiff's residence at 5:30 to begin visitation. | Defendant shall return the minor child to Plaintiff's residence after dinner at 7:00 p.m. |
| Second and Fourth Monday *(Weeks that Defendant does not have weekend visitation)* | Defendant may pick up the minor child from home or school at 11:30 a.m. or 2:45 p.m. Defendant will be responsible for taking the minor child to Kumon on the designated Mondays. If for any reason Defendant is unable to pick up the minor child from school, he shall notify Plaintiff at least two (2) hours in advance so that she may make arrangements to pick up the minor child and ensure her attendance at Kumon. Defendant may then pick up the minor child from Plaintiff's residence at 5:30 p.m. | Defendant shall return the minor child to Plaintiff's residence after dinner at 7:00 p.m. |

d.  HOLIDAYS. Defendant shall be entitled to Holiday visitation, as follows:

| HOLIDAY | PICK UP | RETURN |
|---|---|---|
| Thanksgiving | Defendant shall have overnight visitation with the minor child beginning on Thanksgiving Day at 4:00 p.m. Defendant will be responsible for picking up the minor child from Plaintiff's residence. | Defendant shall return the minor child to Plaintiff's residence on the Friday after Thanksgiving at 10:00 a.m. |
| Christmas | Defendant shall have overnight visitation with the minor child beginning on Christmas Day at 2:00 p.m. Defendant will be responsible for picking up the minor child from Plaintiff's residence. | Defendant shall return the minor child to Plaintiff's residence on the following morning after breakfast at 10:00 a.m. |

e.   The Defendant shall be permitted to take the minor child skiing in Colorado for a period of five days between December 28 and January 1st. The Defendant must transport and accompany the minor child to Colorado by a commercial airline. Defendant shall not transport the minor child without an interlock device or appropriate toddler car seat, therefore Reed Moody or Lawson Moody must drive any and all vehicles that will transport the child while on the out of state trip. During the ski trip, either Reed Moody or Lawson Moody, must supervise the Defendant's visitation at all times. Within a reasonable time prior to leaving the State of Arkansas, either Reed Moody or Lawson Moody must file a written letter or notice with the Court notifying the Court that he will be traveling with and supervising Defendant's visitation, that he will not allow Defendant to drive the child in a vehicle without an interlock device and will be responsible for driving the minor child at all times while out of state. Prior to

4

departure, Defendant shall provide the Plaintiff with all travel arrangements, including but not limited to dates and times of travel and flight numbers. Plaintiff will pack all proper seasonal clothing for the trip, but Defendant will be responsible for the cost of a ski suit, goggles and any other items necessary for the trip. Plaintiff will be entitled to speak to the minor child at least once per day while she is away on the trip.

  f. The Defendant shall be entitled to any other visitation with the minor child that may be agreed upon by the parties.

  g. If the Defendant desires to change any of his regular weekday or weekend visitation, such change must be agreed upon by the parties and notice must be provided to the Plaintiff within forty-eight (48) hours of the scheduled visitation.

  h. Neither party shall smoke, consume alcohol or illegal drugs, or abuse prescription medication while the minor child is in their respective care and custody.

  i. Defendant shall not consume any alcohol at least twelve (12) hours prior to any visitation with the minor child. Plaintiff may, at her discretion, perform a portable breathalyzer test upon the Defendant at either any drop off or pick up of the minor child. If Defendant either refuses to cooperate with the portable breathalyzer test, or should he have positive test results, Plaintiff may immediately terminate Defendant's visitation until a hearing may be held before the Court.

  j. Pending a final hearing of this matter, the minor child shall at all times be transported in a vehicle equipped with a functioning engine interlock device while in the Defendant's care and custody, with the exception of a ski trip with the minor child, more particularly described in subparagraph (e) herein above. If for any reason the Defendant fails to

pick up the minor child in a vehicle with a functioning engine interlock device or drive the minor child in such a vehicle, Defendant will not receive his scheduled visitation.

    k.    Neither party shall make disparaging remarks about the other parent, nor allow a third party to do so while the minor child is present.

    l.    Unless related by blood or marriage, neither party shall have guests of the opposite sex of which they are romantically involved at anytime while the minor child is in his or her respective care and custody.

    m.    Each party shall be responsible for insuring the minor child is timely present for school or any extracurricular activities while the minor child is in their care and custody.

    n.    The parties shall immediately notify the other if the minor child becomes injured or ill. If medication is required, they shall provide the other parent with the child's current treatment and medications as needed. The parties shall immediately notify the other parent prior to leaving the state for any reason, including any and all contact information during their travel for purposes of notifying the other party should an emergency arise concerning the minor child.

    o.    Plaintiff shall have the right to suspend visitation based upon alcohol use by Defendant in violation of the terms set forth herein.

    p.    Defendant has the right to petition for the Court for overnight visitation beginning February 2012 as long as everything is going well and there have been no problems with visitation.

    q.    Neither party shall leave the minor child unattended in a vehicle, public restroom or otherwise at anytime.

3. The Defendant shall be responsible for the payment of temporary child support in the amount of $20,000 based on his monthly net income of $156,192. Defendant's child support obligation shall begin October 1, 2011, and payable on the first day of each month thereafter. Plaintiff acknowledges receipt of $15,000 on October 1, 2011. Defendant shall pay the remaining $5,000 on or before October 15, 2011.

4. Plaintiff shall have temporary use and possession of the parties' marital residence located at 10 Thomas Park Circle, Little Rock, Arkansas. Defendant shall vacate the premises on or before Sunday, October 9, 2011.

5. Defendant has requested and the parties have agreed that he shall have temporary use and possession of the following items from the marital residence: the hutch/secretary in the den; desk; and the dining room table and chairs.

6. Plaintiff shall have reasonable access and use of the parties' residence located at 3639 Wickersham, Houston, Texas, with at least a seven (7) day notice to Defendant. Defendant will provide Plaintiff with a new key and the security access code in order to gain entrance to the residence.

7. The parties currently have in excess of 2,500,000 frequent flyer miles. The parties shall each have reasonable access to use of such miles and neither party shall use more than one-half (1/2) or 1,250,000 miles. Defendant shall fully cooperate in allowing Plaintiff access codes and contact information for all frequent flyer mile accounts.

8. The parties have a 2009 Federal income tax refund of approximately $70,000. Said refund shall be held in trust for disbursement upon entry of a subsequent order of this Court or agreement of the parties.

9. The parties have a USAA educational account (9036) for the college education of the parties' minor child. As custodian of the account, the Plaintiff receives all statements and correspondence regarding the account. Plaintiff shall provide a copy of the periodic statements to the Defendant each month.

10. The Defendant shall pay the sum of $50,000 for the payment of Plaintiff's incurred legal fees and expenses, as well as an advancement of $50,000 for future legal fees and expenses, for a total of $100,000. Said fees should be paid on or before October 15, 2011. Should Plaintiff's future legal and expert fees exceed $50,000, the parties shall agree upon a periodic disbursement for payment of same. If the parties are unable to reach an agreement on same, the Plaintiff may petition the court for a hearing on payment of such expenses.

11. In addition to the above referenced child support, Defendant shall be responsible for the payment of the following expenses as set forth in the fourth column of the parties' Joint Exhibit 1, titled "Mr. Moody to Pay", as well as payment of gas and electricity as listed in the first column of the parties' Joint Exhibit.

    a. Maintenance of medical and dental insurance and medical expenses for the Plaintiff and minor child;

    b. Expenses of the parties' marital home located at 10 Thomas Park Circle, Little Rock, Arkansas to include: gas, electricity, fire insurance, home maintenance, property labor and taxes, pool service, property taxes, and trash service.

    c. Tuition for the minor child to attend The Anthony School;

    d. Any and all expenses related to the condo in Breckinridge, Colorado;

    e. Any and all expenses related to the parties' residence in Houston, Texas; and

f. The parties' federal and state income taxes.

12. The Defendant shall provide full and complete responses to the Interrogatories and Requests for Production of Documents propounded upon him by Plaintiff, as well as the Subpoena Duces Tecum to Sheila Hall, Ed Tyler, and Bobby Ring on or before October 24, 2011. Plaintiff's Motion for Contempt will be held in abeyance pending said time to allow Defendant to comply.

IT IS SO ORDERED.

_____
HONORABLE ALICE S. GRAY
DATE: 11-17-11

APPROVED AND ENTRY REQUESTED:

DOVER DIXON HORNE PLLC
425 West Capitol Avenue, Suite 3700
Little Rock, Arkansas 72201
*Attorneys for Plaintiff*
(501) 375-9151

By: _____
Gary B. Rogers
Arkansas Bar No. 82139

DODDS, KIDD & RYAN
313 West Second Street
Little Rock, Arkansas 72201
*Attorneys for Defendant*
(501) 375-9151

By: _____
Judson C. Kidd
Arkansas Bar No. 75071