ELECTRONICALLY FILED
2015-Jan-08  14:16:48
60DR-11-1586
C06D14 : 18 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
HON. H. VANN SMITH – 14TH DIVISION 6TH CIRCUIT

ANGELA MOODY                                                    PLAINTIFF

v.                          CASE NO. 60DR-11-1586

EDWARD MOODY                                                   DEFENDANT

### DECREE OF DIVORCE

NOW on this 9th day of December, 2014, comes on for consideration the above-referenced matter; the Plaintiff appearing in person and with her attorneys of record, W. H. Taylor and Jeff Mitchell; the Defendant appearing in person and with his attorneys of record, Judson C. Kidd, Adrienne Griffis and Diana Friedman; and from the pleadings as filed herein, statements of counsel, evidence adduced in open court, the stipulation of the parties, the Defendant withdrawing his Counter Claim to the Plaintiff's Complaint for Divorce and further waiving the requirement of corroboration of grounds as evidenced by his attorney's signature hereto and allowing this matter to proceed as an uncontested divorce, and from the corroborating testimony of Cheryl Shuffield, and other things and matters appearing, this Court, being well and sufficiently advised that the parties to the above-captioned matter have reached an agreement on all pending issues, finds:

1.    That this Court has jurisdiction over the subject matter herein and the parties hereto.

2.    That the parties herein were married on or about October 30, 2004 and lived together as husband and wife until on or about March 30, 2011 at which time they separated and have since lived separate and apart.

3.    That based on the continuous separation of the parties without cohabitation or reconciliation for a period in excess of eighteen months, the Plaintiff should be, and hereby is, granted an absolute divorce of and from the Defendant.

4.    That there is one child born of this union, E.O.M., born in 2008. The parties agree, and the Court finds, that both parties are fit and proper parents to have custody of the minor child;

however, Plaintiff shall be designated the primary physical custodian. Decisions regarding the minor child's daily activities shall be made by the party who has the child at the time. Each party shall be allowed to instruct the minor child in the religion of his or her choosing while the child is in his or her care. Primary physical care, custody and control of said minor child should be vested in the Plaintiff, subject to the Defendant's right to reasonable visitation pursuant to this Court's Amended and Substituted Visitation Order in this matter dated April 28, 2014 and filed of record on April 28, 2014, attached hereto as Exhibit "A" and incorporated herein by reference, except as hereby expressly modified by this Decree and as follows:

    a.  The first two sentences of Paragraph 3 in Exhibit A are hereby modified to read: Plaintiff has primary physical custody of the minor child, subject to Defendant's right of visitation, which will be as follows:

        i.  Defendant will have visitation with the minor child on alternating weekends from Thursday after school until Sunday at 6:00 p.m. On the weekends Defendant has visitation, he will pick up the minor child from school on Thursday at its dismissal and return her to Plaintiff's home on Sunday evening at 6:00 p.m., except as may be otherwise controlled by the "Holiday visitation schedule" set out in Exhibit "A".

    b.  Paragraphs 14(b) and 14(c) shall no longer apply.

    5.    This order is deemed a "court order" under HIPPA to allow each parent access to the minor child's medical records, including mental health records. If necessary, each party shall execute any HIPAA release required by a health care provider to release information to the other party.

    6.    Both parents shall be allowed to participate in and receive all information regarding

the minor child's health care, education, extracurricular activities, and other similar events. Each parent shall inform the other of all medical, dental, orthodontist, counseling, and other appointments for the minor child immediately upon scheduling same. Plaintiff shall inform Defendant of the minor child's school schedule and the schedule for all her extracurricular activities immediately upon receiving same. Defendant is entitled to receive copies of all health care and educational records and shall be listed as the minor child's parent and emergency contact with all health care providers and schools. If for any reason Defendant is unable to obtain health care, educational, or other similar records directly from the provider, Plaintiff shall provide Defendant with a complete copy of these records upon request.

7.      Plaintiff shall inform Defendant before making any major decision affecting the well-being of the minor child, including changing her school or scheduling a major medical procedure.

8.      Neither party shall schedule extracurricular activities or social events for the minor child during the visitation time of the other parent.

9.      The parties agree, and the Court finds, that Defendant shall pay child support in the sum of $20,000.00 on January 1, 2015, and $12,000.00 per month beginning February 1, 2015 and continuing on the same day of each month thereafter until the child reaches the age of eighteen years or graduates from high school, whichever should have occurred last. The Plaintiff shall not petition this Court for a modification of Defendant's obligation for a period of 36 months, due to income tax implications regarding the Defendant's income for the tax year 2014 and the debt allocation set forth within this order. The parties agree, and the Court finds, that this child support obligation is a downward deviation from the presumptive child support based upon the Arkansas Family Support Chart amount for Defendant's income reflected on his 2012 and 2013 federal and state income tax

3

filings. Defendant's presumptive child support obligation according to Plaintiff's expert witness, Cheryl Shuffield, is $23,042 per month, based on a monthly net income of $154,005. Defendant's presumptive child support obligation according to Defendant's expert witness, Liles Henry, is $13,899 per month, based on a monthly net income of $93,053. The parties agree, and the Court finds, that it is in the best interests of the minor child that the Defendant's child support obligation be set in an amount representing a downward departure from the Child Support Chart based upon the factors enumerated in Section V of Administrative Order 10, including Plaintiff's assets available to support the child, Defendant's procurement and maintenance of life insurance and trust funds for the minor child, and the extraordinary time the minor child spends with Defendant pursuant to this order. Defendant's payment of an additional $8,000 in child support for the month of January is based on Plaintiff's assumption of the expenses related to the marital home, pursuant to the parties' agreement.

10.     The Defendant shall maintain the minor child on a premium "Gold standard" health insurance and dental policy. The parties will split any out of pocket medical expenses.

11.     Child support shall be remitted through the Arkansas Child Support Clearinghouse and directed to:

> Child Support Clearinghouse
> P.O. Box 8128
> Little Rock, AR 72203.

12.     In addition to the child support payment, the Defendant shall pay the sum charged by the Child Support Clearinghouse, if any, as an annual fee for administering payment of the child support.

13.     Both the Plaintiff and the Defendant shall inform the Court Clerk of any change in their address and the name and address of their current employer after this date until their child attains

4

the age of eighteen **(18)** years or graduates from high school, whichever occurs later.

14.    **NOTICE: Pursuant to Act 1779 of 2001, notice is hereby given to the non-custodial parent, that failure to pay child support or to visit with the children for at least one (1) year shall provide the custodial parent with the right to initiate proceedings to terminate the parental rights of the non-custodial parent.**

15.    Pursuant to Ark. Code Ann. §9-14-107(2)(a) the Defendant is hereby ordered to provide the Plaintiff with proof of income for the previous calendar year and whenever requested in writing by certified mail, not more than once a year, by the Plaintiff. That in the event the Plaintiff requests in writing that the Defendant provide proof of income, the Defendant shall respond by certified mail within fifteen (15) days. If the Defendant fails to provide proof of income as directed by the Court or fails to respond to a written request for proof of income, the Defendant may be adjudicated to be in contempt of Court. If the Plaintiff is required to petition the Court to obtain said income information, the Plaintiff may be entitled to recover costs and a reasonable attorney's fee. All income information received by the Plaintiff shall be treated confidentially and used for child support purposes only.

16.    The parties further announced that they have reached a settlement compromise of all property rights and debt liabilities existing between them, which agreement the Court finds to be fair, reasonable and equitable. Accordingly, the parties agree, and the Court finds as follows:

A.    The Plaintiff shall take as her sole and separate property the following:

1.    Property settlement in the amount of $3,750,000.00, less the following amounts: (1) $138,000.00, for reimbursement to the minor child's USAA trust account. These funds shall be withheld by Defendant and deposited immediately into the Bank of the Ozarks trust account for the benefit of the minor child. (2) $19,598.87, representing the amount of Wagoner Law Firm, P.A.'s lien against Plaintiff's disbursement of funds. Defendant shall pay $19,598.87 directly to Wagoner Law Firm, P.A.

5

in full satisfaction of the lien thereon. Accordingly, Defendant shall deliver $3,592,401.20, on certified funds, to Taylor Law Partners, LLP within ten (10) days from the entry of this Decree;

      2.      One-half the funds held in Defendant's attorney's Iolta trust account, Plaintiff's one-half interest therein totaling $32,071.00, with the same to be delivered to Plaintiff within ten (10) days;

      3.      One-half the funds payable jointly to Plaintiff and Defendant representing insurance claims paid by Farmers Insurance in the amounts of $11,364.84 (No. 0230227467) and $3,817.03 (No. 1607191960), with the same to be delivered to Plaintiff within ten (10) days;

      4.      Plaintiffs 2009 Chevy Suburban;

      5.      One-half the marital personal property located in the following residences, in addition to her personal effects, clothing and other premarital, inherited, or gifted assets: 10 Thomas Park Circle, Little Rock, Arkansas; 3639 Wickersham Lane, Houston, Texas; and 15 Cedars, Breckenridge, Colorado.

      6      All deposits in any financial institution in her sole name;

      B.      The Defendant shall take as his sole and separate property the following:

      1.      The former marital residences located at 10 Thomas Park Circle, Little Rock, Arkansas; and 3639 Wickersham Lane, Houston, Texas. He shall also retain his premarital real property located at 15 Cedars, Breckenridge, Colorado. The Defendant shall be solely responsible for any indebtedness or liability on said residences, inclusive of taxes and insurance owed thereon. The Plaintiff shall execute quitclaim deeds or such other documents as the Defendant may reasonably require relinquishing all right, title or interest she may have in said real property subject to the provisions herein, within ten (10) days of the presentation of same to her. The Plaintiff is given until February 1, 2015 to vacate the residence at 10 Thomas Park Circle, Little Rock, Arkansas. Plaintiff shall be solely

responsible for the utilities and other expenses associated with the marital residence as previously ordered by this Court until she vacates the marital home. Defendant shall not be responsible for any charges or costs related to the marital home that Plaintiff incurs during this time.

2.      One-half the funds held in Defendant's attorney's Iolta trust account, one-half interest therein totaling $32,071.00;

3.      One-half the funds payable jointly to Plaintiff and Defendant representing insurance claims paid by Farmers Insurance in the amounts of $11,364.84 (No. 0230227467) and $3,817.03 (No. 1607191960);

4.      The automobiles in his possession, including a Chevy Tahoe, a Porsche, and other premarital vehicles;

5.      The following non-marital vehicles located at the marital home: two Harley Davidson motorcycles, a Land Rover, and a fishing boat;

6.      All items of personal property currently in his possession including any deposits in any financial institution in his own name or held jointly by Plaintiff and Defendant, retirement accounts, pensions, insurance policies and annuities, and any other items of personal property;

7.      All entities, corporations, limited liability companies, partnerships, limited partnerships, and trusts in which Defendant holds any interest. Plaintiff agrees to execute assignments or such other documents as the Defendant may reasonably require relinquishing all right, title or interest she may have in said entities subject to the provisions herein, within ten (10) days of the presentation of same to her. In addition, Plaintiff shall relinquish her rights, obligations, duties and title as trustee and signatory on the USAA trust account for the benefit of the minor child (member # ending in 5019, account # ending in 9036) and the Edward O. Moody Trust for the minor child dated 7/10/2012. Defendant shall assume the duty of trustee and signatory on all of the minor child's presently-

existing trusts and accounts. Effective immediately upon entry of this decree, Plaintiff shall have no rights to or authority over any trusts, trust accounts, or other financial accounts established by Defendant for the benefit of the minor child. Plaintiff shall also relinquish her rights, obligations, duties and title as trustee of the Edward O. Moody Family Trust, the Moody Irrevocable Trust, and/or any other trusts established by Defendant or Defendant's family. Defendant shall likewise be obligated and responsible for all debts and liabilities associated with the above and shall indemnify and hold Plaintiff harmless with respect thereto;

        8.     One-half the marital personal property located in the following residences, in addition to his personal effects, clothing and other premarital, inherited, or gifted assets: 10 Thomas Park Circle, Little Rock, Arkansas; 3639 Wickersham Lane, Houston, Texas; and 15 Cedars, Breckenridge, Colorado.

        17.    The parties shall each be responsible for any debts or obligations in their individual names, inclusive of credit card debts, medical expenses and legal expenses. Any charges to joint credit card or other charge accounts made after December 9, 2014 shall be the sole responsibility of the party incurring the charge.

        18.    The parties agree, and the Court finds, that the Defendant shall pay no alimony to the Plaintiff.

        19.    The parties further agree, and the Court finds, that the parties shall agree on a division of the marital personal property at the above-mentioned residences as follows. The parties shall divide the marital personal property by alternating picks from a master list until all personal property has been chosen. A coin flip shall determine which party has the first pick. If the parties are unable to divide the marital personal property, same shall be sold at public sale on the petition for the same by either party, but in any event not later than March 15, 2015. Both parties will cooperate in allowing each other full

and reasonable access to said properties for the purpose of making inventories of the personal property therein.

20.     The parties further agree, and the Court finds, that the Defendant shall name the minor child or her trust as a not-less-than one-fourth beneficiary on any existing policies of life insurance that he or his trust own on his life. These policies are a New York Life policy (ending in 4541) and a Northwestern Mutual policy (ending in 3961.)

21.     The Defendant shall be solely responsible for any liability resulting from his personal state and/or federal income tax return filings since the date of the filing of this action and shall likewise receive any refund resulting from either such filing as his sole and separate property. Defendant shall also be solely responsible for any liability resulting from state and/or federal income tax returns filed by any entity Defendant is awarded in this Decree in any year, and shall likewise receive any refund resulting from any such filing as his sole and separate property. Each party shall be responsible for the personal property taxes on the property they receive from 2014 forward.

WHEREFORE, IT IS CONSIDERED, ORDERED, ADJUDGED AND DECREED:

1.     That the Plaintiff is hereby granted an absolute divorce from the bonds of matrimony hereto existing with the Defendant, and the parties' marriage is hereby terminated and dissolved, effective upon the entry of this Decree with the Circuit Clerk of Pulaski County, Arkansas.

2.     That the above-described Property Division and Settlement of and between the parties is hereby approved by the Court and is incorporated but not merged into the Decree.

3.     That this Court retains jurisdiction over the parties and subject matter of this action for such further orders as may time to time be necessary to enforce the provisions of this Decree and the parties' agreement, and for other matters as authorized by law.

4.     That both parties are fit and proper parents to have custody of the minor child,

E.O.M., born in 2008. Plaintiff shall be designated the primary physical custodian subject to the

Defendant's reasonable visitation as herein set forth.

5.     That the Defendant shall pay child support to the Plaintiff in the amount of

$20,0000.00 on January 1, 2015, and at the rate of $12,000.00 per month on the first day of each

month thereafter until said child reaches the age of eighteen years or graduates from high school,

whichever should have happened last.

6.     That the Defendant's Counter Claim for divorce is hereby dismissed.

IT IS SO ORDERED.

HON. VANN SMITH, Circuit Judge

DATE: 1-8-2015

Approved as to Form and Content:

Judson C. Kidd (75071)
Adrienne M. Griffis (12285)
*Attorneys for Defendant*
DODDS, KIDD & RYAN
313 West Second Street
Little Rock, Arkansas 72201

W. H. Taylor (81154)
Jeff Mitchell (95149)
*Attorneys for Plaintiff*
TAYLOR LAW PARTNERS, LLP
303 E. Millsap Road
Fayetteville, Arkansas 72703

ELECTRONICALLY FILED
2014-Apr-28 13:53:25
60DR-11-1586
C06D14 : 8 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### FOURTEENTH DIVISION

ANGELA N. MOODY                               **PLAINTIFF**

VS.            **CASE NO. 60DR-11-1586**

EDWARD MOODY                        **DEFENDANT**

### AMENDED AND SUBSTITUTED VISITATION ORDER

On the 13th day of March, 2014, this Court heard *Plaintiff's Motion for Contempt and to Amend Visitation* and *Defendant's Motion to Amend Visitation Schedule*. Plaintiff appeared in person and was represented by counsel. Defendant appeared in person and was also represented by counsel. Based upon all information properly before it, this Court finds and orders as follows:

1. This order supersedes and shall be substituted for the visitation provisions of the Temporary Order entered November 18, 2011 and the Visitation Order entered June 11, 2013, except as otherwise provided for in this order. Plaintiff and Defendant shall use every reasonable and conciliatory effort to give proper effect to this order.

2. Neither party shall discuss this case with the minor child. This order shall not be read to or provided to the minor child.

3. Plaintiff has temporary custody of the minor child, subject to Defendant's right of visitation which will be as follows:

     a. Beginning Friday, March 14, 2014, Defendant will have visitation with the minor child on alternating weekends from Friday after school until Sunday at 6:00 p.m. On the weekends Defendant has visitation, he will pick up the minor child from school on Friday at either 11:45 a.m. or 3:10 p.m. and return her to Plaintiff's home on Sunday evening.  If Defendant cannot pick up the minor child from school on Friday for any reason, he shall contact Plaintiff by 8:00 a.m. that morning, and Plaintiff will pick up the minor child instead. Plaintiff will then

1



transport the minor child to Defendant's residence or any other mutually-agreed upon location when Defendant is able to begin his visitation.

      b.    Plaintiff will pick up the minor child at school on Friday on the weekends Defendant does not have visitation.

      c.    Defendant will have visitation with the minor child every Tuesday night. Defendant will pick up the minor child from school on Tuesday at either 11:45 a.m. or 3:10 p.m. He will return her to school on Wednesday morning. If Defendant cannot pick up the minor child from school on Tuesday for any reason, he shall contact Plaintiff by 8:00 a.m. Tuesday morning, and Plaintiff will pick up the minor child instead. Plaintiff will transport the minor child to Defendant's residence or any other mutually-agreed upon location when Defendant is able to begin his visitation.

      d.    Defendant shall notify Plaintiff by 8:00 p.m. the night before his scheduled visitation whether the minor child needs to attend school for a full-day or a half-day so that Plaintiff may notify the school and prepare the minor child for school.

      e.    Defendant may visit the minor child at school at any time the school allows such visits, including during the minor child's after-school activities.

      f.    Plaintiff will take the minor child to school every morning except Wednesday morning. Plaintiff will pick up the minor child from school every day except Tuesday and the Fridays Defendant has weekend visitation.  Only the party who takes the child to school or picks up the child from school will be on campus during drop off and pick up times.

    4.    Holiday visitation will be as follows:

| Holiday | Father | Mother |
|---|---|---|
| Martin Luther King | Odd | Even |
| Valentine's Day | Odd | Even |
| President's Day | Even | Odd |
| Spring Break | Odd | Even |
| Easter | Even | Odd |

2

| | | |
|---|---|---|
| Memorial Day | Odd | Even |
| Fourth of July | Even | Odd |
| Labor Day | Even | Odd |
| Thanksgiving (first half) | Odd | Even |
| Thanksgiving (second half) | Even | Odd |
| Christmas (first half) | Even | Odd |
| Christmas (second half) | Odd | Even |
| Father's Day | Every Year | N/A |
| Mother's Day | N/A | Every Year |
| Father's Birthday | Every Year | N/A |
| Mother's Birthday | N/A | Every Year |
| Child's Birthday | Odd | Even |

5.    Specific holidays are defined as follows:

a.  <u>Martin Luther King</u>: Martin Luther King weekend visitation shall be from school dismissal on Friday to 6:00 p.m. on Monday.

b.  <u>President's Day</u>: President's Day weekend visitation shall be from school dismissal on Friday to 6:00 p.m. on Monday.

c.  <u>Spring Break</u>: Spring Break visitation shall be from school dismissal on the day school recesses until 6:00 p.m. the night before school resumes.

d.  <u>Easter</u>: Easter weekend visitation shall be from 6:00 p.m. on Friday to 6:00 p.m. on Sunday. However, Defendant's 2014 Easter visitation shall be extended as previously ordered by this Court.

e.  <u>Memorial Day</u>: Memorial Day weekend visitation shall be from 6:00 p.m. on Friday to 6:00 p.m. on Monday. If the minor child is still in school the Friday before Memorial Day, then Memorial Day visitation shall begin at school dismissal on Friday.

f.  <u>Labor Day</u>:  Labor Day weekend visitation shall run from school dismissal on Friday to 6:00 p.m. on Monday.

    g.  <u>Thanksgiving</u>: The first portion of Thanksgiving shall run from school dismissal the day school recesses before Thanksgiving until 4:00 p.m. on Thanksgiving Day. The second portion of Thanksgiving shall run from 4:00 p.m. on Thanksgiving Day until 6:00 p.m. on Sunday before school resumes.

    h.  <u>Christmas</u>: The first portion of Christmas Break shall run from school dismissal the day school recesses until Christmas Day at 10:00 a.m. The second portion of Christmas Break shall run from Christmas Day at 10:00 a.m. until 6:00 p.m. on the Sunday before school resumes.

    i.  <u>Father's Day</u>: School dismissal on Friday until 6:00 p.m. on Sunday.

    j.  <u>Mother's Day</u>: School dismissal on Friday until 6:00 p.m. on Sunday.

    k.  <u>Parties' Birthdays</u>: On each party's birthday, the child may spend the day with that party. If the party's birthday falls on a weekend (Friday, Saturday, or Sunday), then the minor child shall spend that weekend with that party.

    l.  <u>Child's Birthday</u>: Each party may spend up to three hours with the child on the child's birthday in the years when the child is with the other party.

6.    Summer visitation will be as follows:

    a.    On weeks that both parties are in town, the standard visitation schedule shall apply. However, each party shall be entitled to up to four (4) full weeks with the minor child during the summer for vacations, but such periods shall not exceed fourteen (14) consecutive days. Each party shall notify the other party of potential summer vacations by April 1 of each year. Vacations that are planned after April 1 shall be subject to the minor child's summer activity schedule. Each party shall inform the other party of the travel itinerary and contact information at least one (1) week prior to departure.

4

b.    Plaintiff's 2014 vacation weeks shall include but not necessarily be limited to: June 5 through 14 and July 14 through 18.

c.    Defendant's 2014 vacation weeks shall include but not necessarily be limited to: July 7 through 13 and August 1 through 7.

d.    The parties' right of first refusal, as stated in paragraph 11, shall remain in effect throughout the summer.

7.    If the minor child has a scheduled activity or summer camp during Defendant's visitation, Defendant will pick up and drop off the minor child at the scheduled start and end time, if it falls within his visitation time. If he unable to do so, he will notify Plaintiff, who will pick up or drop off the minor child at the scheduled activity. In this event, Defendant will pick up or drop off the minor child at Plaintiff's home at a reasonably agreed upon time.  Plaintiff will avoid scheduling activities that would interfere with Defendant's visitation.

8.    Holiday and summer visitation supersedes regular visitation.

9.    Each party will reasonably ensure that the minor child completes homework for both school and Kumon.

10.    Both parties may attend the minor child's extracurricular activities.

11.    Each party will provide the other party with a schedule for the minor child's extracurricular activities reasonably in advance so that the other party may attend and/or prepare for such activities. Each party will accommodate the minor child's special events associated with the extracurricular activities.

12.    Each party shall have a right of first refusal if the other party is not able to personally care for the minor child for a period in excess of four (4) hours. If both parties are unavailable, the child will stay only at the marital home with a mutually agreed upon babysitter.

13.     Each party is entitled to reasonable phone contact with the minor child while the minor child is with the other party. Specifically, each party may call the minor child any time after school until 8:00 p.m. on school nights and at any time on days the minor child is not in school. Defendant may also speak with his daughter on Monday and Thursday mornings before school.

14.     The parties agree to abide by the following provisions, which were set out in the Temporary Order of November 18, 2011 and the Visitation Order of June 11, 2013, as modified below:

a.      Neither party shall smoke, consume alcohol or illegal drugs, or abuse prescription medication while the minor child is in his/her respective care and custody.

b.      Defendant shall not consume alcohol within the twelve (12) hours prior to any visitation with the minor child.

c.      Plaintiff may, at her discretion, perform a portable breathalyzer test upon Defendant at either drop off or pick up of the minor child. If Defendant either refuses to take a portable breathalyzer test or should he have positive test results, Plaintiff may immediately terminate Defendant's visitation until a hearing may be held before the Court. Defendant may also choose to use his own breathalyzer machine to take a second test.

d.      The parties agree to use positive and constructive forms of discipline so the child is disciplined consistently in both homes. The parties agree that any form of physical punishment is prohibited.  Further, the parties agree that no other third party is permitted to physically discipline the child at any time. Both parties agree to remain attentive while the child is in his or her care and will object to any third parties' actions towards the child.

e.      Neither party shall make disparaging remarks about the other parent or the child, nor shall they allow a third party to do so while the minor child is present.

6

f.     Neither party shall have overnight guests of the opposite sex with whom he/she is romantically involved at any time while the minor child is in his/her respective care and custody.

g.     Each party shall immediately notify the other if the minor child becomes injured or ill.

h.     If the minor child will not attend school, the party who has the child shall notify the other party by 8:00 a.m. on all days the minor child is missing school.

i.     The parties shall give reasonable notice to the other parent prior to leaving the state or any overnight trips with the child for any reason, including any and all contact information during their travel for purposes of notifying the other party should an emergency arise concerning the minor child.

15.    Neither party has a right to make up missed weekend or other visitation unless otherwise agreed upon by the parties or visitation is missed due to request of the other party.

16.    Defendant is permitted to fly with the minor child in his private plane to destinations within Arkansas, Colorado, Texas, Missouri, and Florida. Defendant may also make routine stops en route to the listed destinations if necessary. Defendant is not required to seek Plaintiff's consent prior to flying with the child but shall inform Plaintiff of his travel itinerary when the minor child will be flying with him, including all stops.

17.    Plaintiff requested and is granted interim attorney's fees of $50,000.00, which Defendant shall pay to Plaintiff's attorneys by Monday, March 17, 2014. Said fees specifically constitute an advance of marital funds to Plaintiff and shall be charged against her portion of the marital estate in the final division of the parties' property.

IT IS SO ORDERED.

HON. VANN SMITH

7

DATE: _____ APR 2 8 2014

Prepared By:

*/s/ Adrienne C. M. Griffis*

_____

Judson C. Kidd (75071)
Adrienne M. Griffis (12285)
DODDS, KIDD & RYAN
Attorneys for Defendant
313 West Second Street
Little Rock, Arkansas 72201
Phone: (501) 375-9901

Approved By:

Jack Wagoner
Angela Mann
WAGONER LAW FIRM
Attorney for Plaintiff
1320 Brookwood, Suites D & E
Little Rock, Arkansas 72202
Phone: (501) 663-5225

8