# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ANGELA MOODY**                                                                                       **PLAINTIFF**

**V.**                                          **4:22CV00330 JM**

**JAMES R. FLENS, Ph.D.**                                                                   **DEFENDANT**

## ORDER

Pending are Defendant's motion for summary judgment and motion in limine. For the reasons stated below, the motion for summary judgment is granted and the motion in limine is moot.

Plaintiff filed suit against the Defendant for libel and defamation in the Circuit Court of Pulaski County based upon a psychological report written by the Defendant. Defendant was retained by Plaintiff's ex-husband while the two were litigating their divorce. Defendant removed the case to this Court under 28 U.S.C. §1332. After reviewing Defendant's motion for summary judgment and Plaintiff's response, the Court *sua sponte* entered an order to show cause why the case should not be remanded for lack of subject matter jurisdiction. The Court has reviewed the Defendant's response and received confirmation from the Plaintiff that she is, in fact, seeking more than $75,000 in damages. The Court has subject matter jurisdiction.

I.   Undisputed Facts

Plaintiff filed her Complaint for divorce against Edward Moody on April 1, 2011 in the Circuit Court of Pulaski County, Arkansas. The divorce was contentious, particularly custody of the Moodys' minor child. Both parties retained experts. Plaintiff hired a private investigator and a forensic accountant and Mr. Moody hired the Defendant.

Defendant is board certified in forensic psychology and clinical psychology by the American Board of Professional Psychology. (ECF No. 16-13 at p. 7-8). He specializes in child custody evaluation and sub-specializes in psychological testing to be used for child custody issues. *Id.* at p. 5. Defendant was retained "to, essentially, review the records provided to see if there were indications that the family should be evaluated in some way and particularly, as a child custody evaluation. . .." *Id.* at p. 8. Defendant reviewed records provided to him by Mr. Moody's attorney. The documents were filings in the divorce proceedings, other litigation involving the Moodys, and related text messages between them. *Id.* at p. 10-15. Defendant reviewed over 1900 pages. *Id.*

Defendant issued a Consultation Report to Mr. Moody prior to the final divorce proceeding. (ECF No. 16-10 at p. 16). On the first page of the Consultant Report, Defendant included the following:

> **Cautionary Note**: This report involves a review of records that were provided by Counsel for Mr. Moody. I have not evaluated any of the parties, nor have I evaluated their minor child, Eden. Therefore, no recommendations can be offered regarding physical and/or legal custody of the Moody's [sic] minor child.

(ECF No. 16-8 at p. 1) (emphasis in original). Defendant summarized that there were several issues that he believed should be evaluated by a competent forensic psychologist. He outlined three of those issues.

> First, there are concerns about Angela's credibility, honesty and possibly characterological issues. Second, there are concerns about Angela's exposure of Eden to her paramour. Third, there are issues regarding Edward Moody's alcohol use. And most importantly, the intertwined issues of high conflict, co-parenting and Gatekeeping.

(ECF No. 16-8 at p. 1). In the Report, Defendant recites excerpts from Court documents which support his conclusions. He did not conduct any independent investigation to determine whether the material or allegations contained in the records were in fact true. *Id.* at p. 30.

The Circuit Court did not adopt any of Defendant's recommendations. (ECF No. 16-10 at p. 19). Defendant was deposed but he did not testify at a hearing in the divorce proceedings. *Id.* at 20. Neither Plaintiff nor Mr. Moody were evaluated by a forensic psychologist. *Id.* at 19. However, Plaintiff contends that she has had to file a motion in limine because her ex-husband's attorney continues to try to use this report. *Id*. at 47. Plaintiff testified that Mr. Moody has "attempted to give it to two judges" that have presided over the Moodys' disputes and a coparenting therapist. *Id.* at p. 58.

    II.    <u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not

> contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

    III.    <u>Analysis</u>

Plaintiff brings her claims against Defendant under Arkansas common law. When state law creates a cause of action, state law also determines whether there is a defense of immunity, unless the state rule is in conflict with federal law. *See Ferri v. Ackerman*, 444 U.S. 193, 198, (1979). The application of absolute privilege is a question of law to be decided by the court. *Pogue v. Cooper*, 284 Ark. 202, 205 (1984).

Arkansas courts follow the well-established rule that statements made by witnesses, or experts called to give their professional opinion are absolutely privileged. "The general rule of the American cases is that statements made by a witness in the regular course of a judicial proceeding are absolutely privileged where they are directly or fairly responsive to questions propounded by counsel or court, or where they are relevant and pertinent to the subject of inquiry, whether they are false or malicious." *Johnson v. Dover*, 143 S.W.2d 1112, 1113 (Ark. 1940); *see also Briscoe v. LaHue*, 460 U.S. 325, 335 (1983) ("In short, the common law provided absolute immunity from subsequent damages liability for all persons—governmental or otherwise—who were integral parts of the judicial process."); *Butz v. Economou*, 438 U.S. 478,

512 (1978) ("The common law recognized that "controversies sufficiently intense to erupt in litigation are not easily capped by a judicial decree. The loser in one forum will frequently seek another.... Absolute immunity is thus necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation.")

Defendant was hired by Mr. Moody's attorney to provide an expert opinion in the Moodys' divorce litigation. He was deposed and provided a written report for purposes of the on-going litigation. His opinion was relevant to the issue of child custody which was in dispute in the Moodys' divorce. Whether Defendant was ultimately called to testify at trial or whether his report was admitted into evidence is not determinative of his entitlement to absolute privilege. Defendant was an expert witness in the regular course of a judicial proceeding. His deposition testimony and written report were directly responsive to a question propounded by Mr. Moody's counsel, i.e., whether a forensic psychological evaluation of the parties would be beneficial to the court. The Court finds that Defendant's testimony and report are absolutely privileged.

IV.     Conclusion

Defendant's motion for summary judgment (ECF No. 16) is GRANTED. The motion in limine (ECF No. 35) is MOOT. The Clerk is directed to close the case.

IT IS SO ORDERED this 9th day of May, 2023.

_____
James M. Moody Jr.
United States District Judge